PARFITT ET AL., APPELLEES, *v.*
COLUMBUS CORRECTIONAL FACILITY ET AL., APPELLANTS.

[Cite as Parfitt v. Correctional Facility (1980),
62 Ohio St. 2d 434.]

---

(No. 79-1531—Decided June 25, 1980.)

*Mr. John T. Conroy, Mr. John J. Kerrigan* and *Mr. David Jenkins,* for appellees.

*Mr. William J. Brown,* attorney general, *Mr. B. Douglas Anderson, Mr. Robert P. Sherman* and *Mr. Loren L. Braverman,* for appellants.

CELEBREZZE, C. J. The sole question before this court is whether the procedure delineated for removals of corrections officers in Ohio Adm. Code 5120-7-05 is a mandatory prerequisite for such removals.

Rules issued by administrative agencies pursuant to statutory authority have the force and effect of law. See *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 125; *State, ex rel. Kildow,* v. *Indus. Comm.* (1934), 128 Ohio St. 573, 580.

In cases such as the one at bar, however, an employee is challenging the actions of an agency by asserting the failure of the agency to follow procedures it has imposed on itself by rule. In the absence of prejudice, a public employee in challenging his removal from employment may not assert the employer-agency's procedural rules, unless that employee is a member of the class which the rule was intended to benefit.

It is extremely questionable whether these employees are among the intended beneficiaries of the rule. Although the rule arguably does provide an early opportunity for the employee

to express his position, it can also be viewed as a procedure designed to enhance the fact finding process so that the appointing authority can render a proper decision in the matter.

There are two distinct provisions in the Revised Code for promulgating and filing agency rules. These are contained in R. C. Chapter 119 and in R. C. 111.15.

R. C. 119.02 states:

"Every agency authorized by law to adopt, amend, or rescind rules shall comply with the procedure prescribed in sections 119.01 to 119.13, inclusive, of the Revised Code, for the adoption, amendment, or rescission of rules. Unless otherwise specifically provided by law, the failure of any agency to comply with such procedure shall invalidate any rule or amendment adopted, or the rescission of any rule."

R. C. 119.01(C) states that for the purposes of R. C. Chapter 119:

" 'Rule' means any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, but it does not include regulations concerning internal management of the agency which do not affect private rights."

R. C. 111.15 provides and has provided for filing of rules with the Secretary of State and the Director of the Legislative Reference Bureau without following the procedures in R. C. Chapter 119. By its terms R. C. 111.15 does not apply to "rule" as that word is used in R. C. Chapter 119.

The Department of Rehabilitation and Correction promulgated and filed Ohio Adm. Code 5120-7-05 pursuant to R. C. 111.15. In so doing, the department indicated an intent to promulgate a rule concerning internal management that does not affect private rights. Promulgation of a procedural rule clearly intended to benefit employees might be held to provide mandatory jurisdictional procedures which employees could assert, even though promulgated pursuant to R. C. 111.15. However, a rule which does not clearly grant public employees procedural rights such as Ohio Adm. Code 5120-7-05, will not be presumed to be a mandatory prerequisite to removal actions against those employees if promulgated under R. C. 111.15.

Even if the intent of the rule is not to benefit members of the class asserting the failure to follow the rule, a showing of prejudice in the failure to follow the rule will ordinarily invalidate the action. However, no prejudice has been shown in the case of the removal of the officers herein. No question is raised regarding the sufficiency of the evidence of misconduct and it is clear that David McKeen, the superintendent of the Columbus facility and the appointing authority, had personal knowledge of the facts which led to the removals.

Appellees argue that even if the rule is not interpreted as a mandatory prerequisite to their removals under state administrative law, the procedure, in providing a pretermination hearing, is required under the Due Process Clause of the United States Constitution and Sections 1, 16, & 19 of Article I of the Ohio Constitution. In *Arnett* v. *Kennedy* (1974), 416 U.S. 134, the United States Supreme Court made it clear that a pretermination hearing was not required under the Due Process Clause to remove federal civil service employees. In that case, the court approved of a procedure essentially the equivalent of the one provided to classified employees in R. C. Chapter 124. There is no requirement, either direct or inferred, to grant a right to pretermination hearings such as those in Ohio Adm. Code 5120-7-05 under the Ohio Constitution's due course of law guarantee. The process under R. C. 124.34 provides adequate procedural safeguards to employees in the classified service.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.