Daniel **GURISH**, Plaintiff-Appellant,

v.

Gerald T. **McFAUL** Sheriff; **The County Commissioners for Cuyahoga County, Ohio,** Defendants-Appellees.

No. 84–3036.

United States Court of Appeals, Sixth Circuit.

Argued June 10, 1986.

Decided Sept. 15, 1986.

Robert M. Fertel (lead) (argued), Cleveland, Ohio, Sanford J. Berger, for plaintiff-appellant.

David Williamson, Justice Center, Richard Wise (argued), Asst. Pros. Atty., Cleveland, Ohio, for defendants-appellees.

Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Appellant Daniel Gurish brought this § 1983 action against Appellees, Sheriff Gerald T. McFaul (sheriff) and the Cuyahoga County Board of Commissioners (Board), for firing him in violation of civil rights guaranteed him under the federal Constitution.[1] The district court granted Appellees' motion for summary judgment and Gurish appealed, alleging, *inter alia,* that a recent Supreme Court decision[2] should be retroactively applied to his case, and that such application would compel the conclusion that his firing was in violation of the due process clause of the fourteenth amendment. We agree that the *Loudermill* decision should be given retroactive application, and conclude that its holding requires us to vacate the grant of summary judgment.

## I

Gurish was employed as a sheriff's deputy at the Cuyahoga County Correctional Facility, a state prison near Cleveland, Ohio. On November 13, 1983, a prisoner in Gurish's charge was badly beaten. Gurish's shift supervisor, Captain Kochevar, conducted an investigation of the incident, interviewing and obtaining written reports from Gurish and several other corrections officers with knowledge of the surrounding circumstances. Kochevar presented the fruits of his investigation to a prison disciplinary committee,[3] which recommended Gurish's removal from his post. On receiving the committee's recommendation, the sheriff requested that Gurish take a polygraph examination to substantiate his claim that he had not been responsible for the inmate's beating. When Gurish refused, he was terminated on the basis of the information already before the sheriff.

Ohio law provides that government employees serve during "good behavior," Ohio Rev.Code Ann. § 124.35 (Baldwin 1979), and it is conceded that this statute grants Gurish a "property" interest in his continued employment. The Ohio statute does not provide for pretermination procedures, however, and there is no contention that Gurish's termination violated Ohio law.[4] Rather, Gurish argues that the procedure followed was constitutionally deficient because it did not provide for some kind of pretermination hearing, of which Gurish

1. Gurish's original complaint, filed on Jan. 3, 1983, sought to enjoin Appellee McFaul from requiring him to take a polygraph examination in connection with a disciplinary investigation. After his firing, Gurish amended his complaint, on May 10, 1983, to add the Board as a party defendant and to include the allegation that his termination violated his due process and equal protection rights.

2. *Loudermill v. Cleveland Board of Education,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

3. The committee consisted of the Personnel Director of the Sheriff's Department, Joan Koeth; Director of Corrections, Robert Pace; and two other corrections officers, Lieutenant Robert Clark and Captain Michael Pavicis.

4. While not cited by either party, the administrative regulations governing the Ohio Department of Corrections do require a pretermination "conference" between the employee and a supervisor. Ohio Admin.Code § 5120-7-05(B)(3)(a) & (b) (1978). However, the Ohio Supreme Court has construed this section as "a procedure designed to enhance the fact finding process so that the appointing authority can render a proper decision in the matter.... which does not clearly grant public employees procedural rights...." *Parfitt v. Columbus Correctional Facility,* 62 Ohio St.2d 434, 406 N.E.2d 528, 530–31, *cert. denied,* 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980). Thus, the procedures specified by § 5120-7-05(B) have been found not to confer a procedural right on discharged employees. *Cf. Hewitt v. Helms,* 459 U.S. 460, 469–72, 103 S.Ct. 864, 870–72, 74 L.Ed.2d 675 (1983) (due process right may be inferred from state-created procedures only when such procedures employ "mandatory language" and impose "specific substantive predicates" on state officials).

should have been provided with notice and at which he should have been permitted to respond to the charges against him. The parties agree that such procedures now are constitutionally required under the Supreme Court's recent decision in *Loudermill.* Gurish contends that, although his termination occurred some ten months before *Loudermill* was decided, the decision should be applied retroactively, and so applied, would compel the conclusion that he was fired without due process. Appellees respond that *Loudermill* should not be retroactively applied, and that in any event, the Board's termination procedures comported with the requirements set forth in that case. We must decide, first, whether *Loudermill* should be retroactively applied, and second, whether, if applicable, the case requires reversal of the district court.

## II

In determining whether a decision of the Supreme Court in a civil matter[5] is to be applied retroactively, i.e., to cases in which the operative facts preceded the date of that decision, federal courts generally have applied the three part test of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[6] However, this court, in *Smith v. General Motors Corp.,* 747 F.2d 372 (6th Cir.1984) (en banc) determined that where, as in *Loudermill,* the Court applies the announced rule to the case before it and makes no statement as to whether it intends the rule to have retroactive or only prospective effect as to other cases, it will be presumed that the Court intends that the rule be given retroactive application. This court also held that in this situation it is inappropriate to apply the *Chevron* analysis in determining whether the announced rule should be given retroactive effect as to other cases. This court, in determining that the *Chevron* analysis is inappropriate in this context, followed the lead of the Second Circuit in *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 241 (2d Cir.1984) and has since applied the *Smith* rule again. *Mulligan v. Hazard,* 777 F.2d 340, 344 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986).

■ Accordingly, applying the law of this circuit, we conclude that, since the Supreme Court in *Loudermill* applied the announced rule to the case before it and made no statement as to retroactivity with respect to other cases, the rule of *Loudermill* applies to the instant case and that, therefore, we find that Gurish was entitled to a hearing before he was discharged.

## III

It remains to decide only whether *Loudermill's* procedural requirements were complied with in Gurish's discharge.

■ While Appellees have argued that the officials responsible for investigating the beating incident and firing Gurish complied with the dictates of *Loudermill,* the record before us is plainly insufficient to permit that conclusion. Gurish contended below, *see* Complaint ¶ 11, and at oral argument that he was deprived of any meaningful opportunity to respond to the charges against him before his firing. The record contains the affidavit of Captain Kochevar, which indicates that Gurish not only had notice of the charges against him, but was interviewed prior to termination by both

---

**5.** A different and more exacting standard applies to decisions in criminal matters. *See, e.g., United States v. Johnson,* 457 U.S. 537, 548–64, 102 S.Ct. 2579, 2586–95, 73 L.Ed.2d 202 (1982); *Stovall v. Denno,* 388 U.S. 293, 296–301, 87 S.Ct. 1967, 1969–72, 18 L.Ed.2d 1199 (1967).

**6.** *See, e.g., Northern Pipeline Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 87–88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) ("Our decision in *Chevron* ... sets forth the three considerations recognized by our precedents as properly bear-

ing on the issue of retroactivity."); *Casiano v. Heckler,* 746 F.2d 1144, 1146 (6th Cir.1984) ("To determine whether a decision is to be applied retroactively, we must apply the test established in *Chevron....*"); *Pitts v. Frito-Lay, Inc.,* 700 F.2d 330, 333–34 (6th Cir.1983). *Cf. J.L. Foti Construction Company v. Occupational Safety & Health Review Commission,* 687 F.2d 853, 857–59 (6th Cir.1982) (standard "similar" to *Chevron* applies when determining retroactivity of new administrative rule).

Sheriff McFaul and Captain Kochevar, at which times he was invited to tell his side of the story. However, this affidavit was attached only to Appellees' Response to Gurish's Motion for an Injunction Pending Appeal, and was not part of the record before the district court when it rendered its summary judgment.

If true, the claims in Kochevar's affidavit might well satisfy the constitutional minima identified in *Loudermill*. But since the district court did not have the affidavit before it when it entered summary judgment, and since Gurish contests the accuracy of the affidavit's claims, it is obvious that differences regarding material facts remain. We must therefore remand to the district court, with instructions to determine whether the procedural requirements of *Loudermill* were met.

The judgment of the district court is Vacated and the case Remanded for further proceedings consistent with this opinion.