844 F.2d 789
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-3477.
 
 Daniel GURISH, Plaintiff-Appellant,
v.
Gerald T. McFAUL, Sheriff of Cuyahoga County, Ohio, and the
County Commissioners for Cuyahoga County, Ohio,
Defendants-Appellees.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Daniel Gurish appeals the granting of summary judgment in his section 1983 case. Gurish claims his dismissal from his employment by defendant, the Sheriff of Cuyahoga County, Ohio, violated his right to due process in that he was not given a pretermination hearing that complied with the standards set in Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Because there is a dispute as to the material fact of whether Gurish was presented with the evidence on which his termination was based, and thus given an opportunity to refute it, we reverse the grant of summary judgment and remand for further proceedings.
 
 
 2
 Gurish was a sheriff's deputy at the county jail. He was fired for involvement in the beating of an inmate. Originally the District Court granted summary judgment to defendants without ruling on the issue of the adequacy of the pretermination procedures employed. This Court vacated that judgment and remanded, holding that Loudermill had retrospective application, Gurish v. McFaul, 801 F.2d 225 (6th Cir.1986). It is undisputed that Gurish had a property interest in his job created by state law, and that the Due Process Clause of the Fourteenth Amendment therefore applies. Gurish was therefore entitled to a pretermination hearing, although that hearing "need not be elaborate," or "definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions--essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action," Loudermill at 545. In the circumstances of this case, Gurish was "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story," id. at 546.
 
 
 3
 Applying this framework to the facts of this case, we note initially that appellant argues that the District Court is prevented, by doctrines of preclusion, from considering an affidavit, that of Captain Kochevar, that might have been, but was not, introduced before the first motion for summary judgment was granted. In support of this contention, appellant cites Migra v. Warren City School District, 465 U.S. 75 (1984), where the Court held that in a section 1983 claim, the federal district court should accord to a state court judgment the same preclusive effect that the state's own courts would grant. Appellant contends that Ohio requires that every "defense" be raised at the first opportunity, and that Ohio courts would not admit into evidence an affidavit that could have been presented earlier.
 
 
 4
 We need not decide here how Ohio would handle such a situation, or if affidavit evidence is really what Ohio law means by "defense." The use of this affidavit is governed by the Federal Rules of Civil Procedure, not Ohio law: Migra applies to the judgment of a state court. There has been no previous judgment here, and no state court involvement whatsoever. Neither issue nor claim preclusion is involved here.
 
 
 5
 Nor is the consideration of the affidavit foreclosed by the doctrine of "law of the case." In vacating the first summary judgment, this Court noted that the affidavit in question
 
 
 6
 was not part of the record before the district court when it rendered its summary judgment.
 
 
 7
 If true, the claims in Kochevar's affidavit might well satisfy the constitutional minima identified in Loudermill. But since the district court did not have the affidavit before it when it entered summary judgment, and since Gurish contests the accuracy of the affidavit's claims, it is obvious that differences regarding material facts remain. We must therefore remand to the district court, with instructions to determine whether the procedural requirements of Loudermill were met.
 
 
 8
 Gurish v. McFaul, 801 F.2d at 228.
 
 
 9
 Thus, there was never a ruling of the District Court, or of this Court, concerning the validity of the affidavit in question, or any ruling that would now bar its introduction into evidence. This is not surprising, when the timing of these events is considered. Before this Court's ruling, the question of whether Loudermill applied to this case was in dispute. Gurish was fired before Loudermill was decided. Initially, defendants did not introduce evidence to the District Court to show that even if Loudermill applied, they had complied with its requirements. They did so only after this Court had ruled that this question was relevant, indeed decisive. From the language this Court used, quoted above, it seems plain that the District Court did precisely what this Court intended. The District Court was to receive evidence on the adequacy of the pretermination procedure and decide that question.
 
 
 10
 We turn then to the question of whether Gurish received what Loudermill requires: "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story," Loudermill at 546.
 
 
 11
 The District Court held that "Gurish was well aware that he was being subjected to some discipline involving the beating incident of the inmate," Joint Appendix at 23. The Court based this on the undisputed facts that appellant was required to give his supervisor a verbal report concerning the beating incident, that he was required to write a report explaining his version, that he met with the Chief of Security (Captain Clark) and with the officer in charge of disciplinary investigations (Captain Kochevar) to discuss the incident, (though he denies that Kochevar, as the latter claims in his affidavit, specifically told him that he was being investigated), and that he received two written notices to appear for a polygraph test about the incident. "Under all of these undisputed circumstances," the District Court held, "the plaintiff cannot, as a matter of law, assert he was denied an adequate notice of the charges against him," id. at 24. Rather, Gurish knew that he was accused of participating in the beating of the inmate. We believe this conclusion is justified by the evidence.
 
 
 12
 The District Court then found that Gurish had opportunities to respond, both verbally and in writing, and to give his side of the story. The fact that he was not believed does not change this; as Loudermill makes clear, the pretermination procedure is not expected to definitively determine the propriety of the employer's action, but only to act as an initial check.
 
 
 13
 We turn then to the third Loudermill requirement: Gurish had a right to an explanation of the employer's evidence. The District Court failed to address this question. Kochevar's affidavit states that he "requested the plaintiff to respond to the discrepancies between plaintiff's report of the subject incident and the information [Kochevar] had gathered in the course of his investigation," Kochevar affidavit, p 9, Joint Appendix at 55. Standing alone, this might well be sufficient to infer that Gurish had been informed that there was information (that is, evidence) that did not support his version of events. However, this affidavit is disputed by appellant[1] and therefore cannot simply be taken as true for the purpose of deciding a motion for summary judgment. There is a disputed issue of material fact: whether or not the investigating officer informed Gurish of the evidence against him.
 
 
 14
 Moreover, at the time Kochevar interviewed Gurish, another deputy, Eads, who accompanied Gurish at the time the inmate was beaten, supported Gurish's story. Subsequently, Eads changed his version of events, confessing to being present while Gurish beat and kicked the inmate. This was the evidence the Sheriff stated that he relied on in deciding to fire Gurish, and it is impossible that Kochevar could have informed Gurish about it at the earlier interview. We are unable to say from the record that Gurish was ever informed of this evidence. Thus, there is an issue of material fact as to whether Gurish was informed of what may be the most crucial evidence against him.[2]
 
 
 15
 Defendants have maintained that Gurish's failure to appear for a polygraph examination effectively waived his right to have the evidence against him explained, apparently on the theory that had he appeared, he would have been confronted with this evidence, including Ead's recantation. We decline to accept this unsupported speculation as sufficient.
 
 
 16
 It thus appears that at this stage of the proceedings defendants have not shown that there is no material issue of fact that they complied with Loudermill. A remand to the District Court is necessary to determine whether defendants in fact failed to provide Gurish with adequate pretermination proceedings. Assuming that this failure were to be proven at trial, the burden would shift to defendants to show that the procedural violation was not the cause of Gurish's injury, King v. Wells, 760 F.2d 89, 94 n. 4 (6th Cir.1985). In other words, they would be required to show that they would have fired Gurish anyway, and at the time that they did, even if they had not violated his procedural rights.
 
 
 17
 The case is remanded to the District Court for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Docket item # 65, described as "Brief of plaintiff in opposition to defendant's motion for summary judgment with affidavit and exhibits in support" includes Gurish's affidavit stating that the investigating officer did not inform him that he was being investigated or what the evidence against him was
 
 
 [2]
 The inmate was beaten on November 13, 1983; Captain Clark, the Chief of Security interviewed Gurish on November 17, and Kochevar interviewed Gurish on November 18; Ead told his superiors during December that Gurish had beaten the inmate; Gurish was terminated on January 4, 1984