LYDEN COMPANY, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Lyden Co. v. Tracy* (1996), 76 Ohio St.3d 66.]

(No. 94–2724—Submitted April 16, 1996—Decided July 17, 1996.)

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Anthony L. Ehler* and *Kevin M. Czerwonka,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Thelma Thomas Price,* Assistant Attorney General, for appellee.

*Kristen E. Manos; Vorys, Sater, Seymour & Pease* and *Gary J. Saalman,* urging reversal for *amicus curiae* Ohio Petroleum Marketers Association.

*Hak K. Dickenson* and *Richard Molina, Jr.,* urging reversal for *amicus curiae* Emro Marketing Company.

MOYER, C.J. Pursuant to the Tax Commissioner's rules, bulletins, and actual practice in effect during the 1987–1990 audit period, the commissioner did not consider property installed and used as Lyden's pumps and tanks were to be property incorporated into real property. Purchase of those materials was therefore eligible for the exemption for personal property purchased to be used directly in making retail sales, pursuant to former R.C. 5739.01(E)(2). Lyden argues that the commissioner is thus precluded by R.C. 5739.16(B) from assessing sales taxes on the purchases. R.C. 5739.16(B) provides:

"No assessment shall be made or issued against a vendor or consumer for any tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, 5739.026, or 5739.10 of the Revised Code for any period during which there was in full force and effect a rule of the tax commissioner under or by virtue of which the collection or payment of any such tax was not required. * * * "

The commissioner claims that R.C. 5739.16(B) does not apply because Ohio Adm.Code 5703–9–14 and 5703–3–01 were not "in full force and effect" as that phrase is set forth in R.C. 5739.16(B). The commissioner contends that his rules were invalidated by this court in *E. Ohio Gas Co.* and *Thomas Steel Strip Corp. v.*

*Limbach* (1991), 61 Ohio St.3d 340, 575 N.E.2d 114, and that our decision should be retroactively applied so as to make taxable Lyden's transactions that predate the announcement of those decisions. The BTA accepted the commissioner's arguments. We reverse.

In *Youngstown Sheet & Tube Co. v. Lindley* (1988), 38 Ohio St.3d 232, 527 N.E.2d 828, this court, for the first time, reviewed R.C. 5739.16(B). In *Youngstown*, the General Assembly had, by statute, repealed an exemption that was also recognized by rule of the commissioner. The rule, however, was not rescinded by the commissioner, even though the statute it implemented had been repealed. The taxpayer admitted that the commissioner's rule authorizing the exemption was inconsistent with the governing statute in effect throughout the audit period. We nevertheless held that, pursuant to R.C. 5739.16(B), the commissioner was precluded from acting in contradiction to its own rule by assessing tax, even though the tax would otherwise have been due, stating:

"R.C. 5739.16(B) is clear: The commissioner may not issue an assessment under R.C. 5739.02 against a vendor or consumer for any period during which a rule of the commissioner did not require the payment of the tax. R.C. 5739.16(B) effectively validates a rule that, contrary to statute, exempted an item from the tax. If Youngstown may claim exemption for this equipment under the rule, it is exempted by virtue of this rule and R.C. 5739.16(B)." *Youngstown*, 38 Ohio St.3d at 234, 527 N.E.2d at 830.

In the case at bar, the record supports the conclusion that, consistent with the rules recognized by the commissioner during the audit period, and but for our decision in *E. Ohio Gas Co.* and *Thomas Steel Strip*, the commissioner would have deemed at least some of Lyden's purchases of fuel dispensing equipment to have been exempt purchases of personal property. The commissioner, however, claims that *Youngstown* applies only to rules which conflict with statutes, and not to rules which conflict with decisions of this court. The commissioner further argues that he must apply *E. Ohio Gas Co.* retroactively. We disagree.

In answer to the first contention, we have previously acknowledged that "[a]dministrative regulations issued pursuant to statutory authority have the force and effect of law; consequently, administrative agencies are bound by their own rules until those rules are duly changed." *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1372. See, also, *Parfitt v. Columbus Correctional Facility* (1980), 62 Ohio St.2d 434, 436, 16 O.O.3d 455, 456, 406 N.E.2d 528, 530. Thus, for purposes of R.C. 5739.16(B) a rule is "in full force and effect" until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable. *Kroger Grocery & Baking Co. v. Glander* (1948), 149 Ohio St. 120, 126, 36 O.O. 471, 474, 77 N.E.2d 921, 924.

Although application of our holding in *E. Ohio Gas* may result in a different determination of tax liability in connection with fuel tank installations from those made under the commissioner's rules, we did not specifically invalidate Ohio Adm.Code 5703–3–01 or 5703–9–14 in that case. Moreover, even if the court had expressly invalidated the rules in *E. Ohio Gas* on August 14, 1991, that decision was issued subsequent to the audit period, which ended a full year earlier, in June 1990.

We note that R.C. 5739.16(*A*) sets forth a four-year statute of limitations as to tax assessments, which prevents the commissioner from assessing taxes on stale transactions, even if a timely assessment would have been in accordance with law. We believe that R.C. 5739.16(*B*) is similar, barring assessments by the commissioner contrary to official statements of tax policy, based on a determination of the General Assembly that taxpayers should be entitled to rely on official statements and policies issued by the commissioner at the time they conduct their business affairs, even if those statements and policies are thereafter deemed to be legally flawed.

We find to be misplaced the commissioner's argument that *Youngstown* applies only where rules conflict with statute, as opposed to judicial decisions. In *Youngstown*, the court indeed found a rule of the commissioner purporting to grant a tax exemption to conflict with a statute. Nevertheless, we reject the commissioner's implicit contention that statutory enactments possess a force of law of different degree than do decisions of a court. Close examination of *Youngstown* and the case at bar does not justify the distinction argued by the commissioner.

We similarly reject the commissioner's argument that the court must apply *E. Ohio Gas Co.* retroactively. Although we did not expressly provide that our holding in that case be applied prospectively only, in this case, R.C. 5739.16(B) blocks retroactive application of the decision. Where a decision of this court arguably invalidates a rule of the Tax Commissioner under which the collection or payment of sales or use tax is not required, the Tax Commissioner is precluded by R.C. 5739.16(B) from assessing taxes in contravention of its rule on transactions which occurred prior to the issuance of the court's decision. For purposes of R.C. 5739.16(B), an administrative rule adopted by the Tax Commissioner remains "in full force and effect" until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable. Therefore, pursuant to R.C. 5739.16(B), Lyden is entitled to a refund because "under or by virtue of [the commissioner's rules] the collection or payment of [the sales tax] was not required."

We find our precedent in *Youngstown* applicable to this case. The decision of the BTA is reversed.

Before the BTA, the commissioner argued that equipment installed at dealer-operated stations was used directly in making retail sales not by Lyden but by the dealer-operators. Therefore, the commissioner argued, even if this equipment were considered to have remained personal property, Lyden would still not be entitled to the exemption. Because the BTA found that R.C. 5739.16(B) did not apply and that all the equipment at all stations had been incorporated into real property, it did not consider this argument. We remand to the BTA for determination of this issue.

*Decision reversed*
*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.