ARGA COMPANY, D.B.A. VESTA CONSTRUCTION COMPANY,
APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *ARGA Co. v. Tracy* (1996), 76 Ohio St.3d 77.]

(No. 95–423—Submitted April 16, 1996—Decided July 17, 1996.)

78

*Taft, Stettinius & Hollister, Stephen M. Nechemias* and *Rebecca L. Simpson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *James C. Sauer,* Assistant Attorney General, for appellee.

*Per Curiam.* In *Lyden Co. v. Tracy* (1996), 76 Ohio St.3d 66, 666 N.E.2d 556, decided this date, we held: "For purposes of R.C. 5739.16(B), an administrative rule adopted by the Tax Commissioner remains 'in full force and effect' until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable." *Id.* at syllabus.

In the case at bar, the commissioner's rule, codified as Ohio Adm.Code 5703–9–14, justified the conclusion during the audit period that construction of the pits and foundations constituted the installation of personal property. Under that rule, the specified materials benefited the newspaper publishing business and not the land, and, thus, remained personal property. Under the rule, ARGA was not a consumer required to pay the tax, as originally acknowledged by the commissioner's own tax agent.

Our decision in *Thomas Steel Strip Corp. v. Limbach* arguably invalidated Ohio Adm.Code 5703–9–14. However, the construction of the pits and foundations at issue in this case occurred prior to the decision in *Thomas Steel Strip Corp.*, and this court did not specifically declare Ohio Adm.Code 5703–9–14 to be invalid in that case. Thus, pursuant to R.C. 5739.16(B), as construed in *Lyden, supra*, the commissioner is precluded from denying that the materials at issue remained personal property after the construction.

The decision of the BTA is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.