[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 66.]

LYDEN COMPANY, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Lyden Co. v. Tracy*, 1996-Ohio-112.]

*Taxation—Sales tax—Fuel dispensing equipment exempt, when—For purposes of R.C. 5739.16(B), an administrative rule adopted by Tax Commissioner remains "in full force and effect" until commissioner rescinds it or a court specifically declares it invalid.*

For purposes of R.C. 5739.16(B), an administrative rule adopted by the Tax Commissioner remains "in full force and effect" until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable. (R.C. 5739.16[B], construed; *Youngstown Sheet & Tube Co. v. Lindley* [1988], 38 Ohio St.3d 232, 527 N.E.2d 828, affirmed and followed.)

(No. 94-2724—Submitted April 16, 1996—Decided July 17, 1996.)

APPEAL from the Board of Tax Appeals, No. 92-X-490.

————————

{¶ 1} Appellant Lyden Co. sells gasoline and other products at wholesale and retail in independently owned gasoline service stations and connected convenience food stores. It owns and operates its own stores, and consigns gasoline to dealer-operated stores, which it also owns. It installs its own gasoline dispensing equipment at both types of locations.

{¶ 2} During 1987 through 1990, Lyden purchased material for, and installed, underground tanks and pumps at various locations. It excavated the sites and set tanks in the excavated cavities. Lyden placed a submersible pump in each tank, laid piping from the submersible pump to the gasoline dispensing islands, and connected the piping to the gasoline dispensing equipment at the islands. Lyden ran electrical wiring through conduit, backfilled with sand or pea gravel, and, finally, covered the site with

concrete or blacktop. Lyden's customer then could pump gasoline from the underground tank through the dispenser at the island.

{¶ 3} In early 1991, the commissioner, acting through a tax agent, began a sales and use tax audit of Lyden's business covering the period July 1, 1987 through June 30, 1990. The agent originally determined that the fuel dispensing equipment purchased by Lyden remained tangible personal property for Ohio sales and use tax purposes even after its installation. This determination was important because the exemption that Lyden claimed, for property purchased to be used directly in making retail sales, was not available for property to be incorporated into real property. Former R.C. 5739.01(E)(2), Am.Sub.H.B.No. 54, 141 Ohio Laws, Part I, 1214. The agent's determination was consistent with various policy statements and administrative rules previously adopted by the commissioner, pursuant to which fuel dispensing equipment was classified as personal property. Specifically, Ohio Adm. Code 5703-9-14(A) (dealing with the sales tax consequences of materials purchased for use in construction contracts) provided:

"In determining when the improvement into which tangible personal property is incorporated constitutes real property it shall be considered that improvements devoted to the general use of the land or buildings thereon are real property and *improvements devoted principally to a business function or use shall be considered as personal property.* * * * Determinations of the status of improvements shall be consistent with classifications made under rules 5703-3-01 and 5703-3-02 of the Administrative Code. * * *" (Emphasis added.) 1982-1983 Ohio Monthly Record 498, eff. Oct. 18, 1982.

{¶ 4} Ohio Adm. Code 5703-3-01(A) provides:

"For the purpose of classifying property for taxation, items of property devoted primarily to the general use of the land or buildings thereon are to be considered as real property and all other items of property including their foundations

2

and all things accessory thereto which are devoted primarily to the business conducted on the premises are to be considered as personal property."

**{¶ 5}** In 1991 we decided *E. Ohio Gas Co. v. Limbach* (1991), 61 Ohio St.3d 363, 575 N.E.2d 132, and held that pumps attached to concrete pads and underground gasoline tanks were real, rather than personal, property. Subsequent to announcement of *E. Ohio Gas Co.* the commissioner rejected the position set forth in the above-quoted rules in favor of deeming any installer of fuel tanks to be a "construction contractor," liable for payment of sales tax at the time it purchases the materials to be installed. R.C. 5739.01(B)(5).

**{¶ 6}** Accordingly, in September 1991, the tax agent received correspondence from his superiors instructing him to treat fuel tank installations as real property and advising him that "it is policy that persons who install below ground tanks, pumps and pads are construction contractors. Especially affected by the decision and policy are companies that engage in this business for retail petroleum marketers. Instead of being vendors to other vendors, they become consumers."

**{¶ 7}** On October 4, 1991 the appellee's tax agent issued his audit report in which he concluded that the fuel equipment used by Lyden in its underground fueling installations "were items of a taxable nature on which the proper tax was not charged or self assessed." In justifying this conclusion, the agent explained that "[d]ue to the recent East Ohio Gas Court Case, the tanks and gas pump equipment have been deemed to be real property when installed, and covered by a construction contract. Since The Lyden Company installed these items themselves, they are the consumer and these items are therefore taxable to them when purchased."

**{¶ 8}** Approximately two weeks later the commissioner rescinded this version of Ohio Adm. Code 5703-9-14.

**{¶ 9}** On October 24, 1991 Lyden was assessed sales taxes in accordance with the tax agent's report. Lyden remitted payment of sales taxes based on its purchase of fuel dispensing materials during the audit period. In January 1992 Lyden filed a

sales and use tax refund claim, which was denied by the commissioner. The Board of Tax Appeals ("BTA") affirmed the commissioner's denial of Lyden's refund application.

{¶ 10} The cause is now before this court upon an appeal as of right.

_____

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Anthony L. Ehler* and *Kevin M. Czerwonka*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Thelma Thomas Price*, Assistant Attorney General, for appellee.

*Kristen E. Manos; Vorys, Sater, Seymour & Pease* and *Gary J. Saalman,* urging reversal for *amicus curiae* Ohio Petroleum Marketers Association.

*Hak K. Dickenson* and *Richard Molina, Jr.*, urging reversal for *amicus curiae* Emro Marketing Company.

_____

**MOYER, C.J.**

{¶ 11} Pursuant to the Tax Commissioner's rules, bulletins, and actual practice in effect during the 1987-1990 audit period, the commissioner did not consider property installed and used as Lyden's pumps and tanks were to be property incorporated into real property. Purchase of those materials was therefore eligible for the exemption for personal property purchased to be used directly in making retail sales, pursuant to former R.C. 5739.01(E)(2). Lyden argues that the commissioner is thus precluded by R.C. 5739.16(B) from assessing sales taxes on the purchases. R.C. 5739.16(B) provides:

"No assessment shall be made or issued against a vendor or consumer for any tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, 5739.026, or 5739.10 of the Revised Code for any period during which there was in full force and effect a rule of the tax commissioner under or by virtue of which the collection or payment of any such tax was not required. ***"

4

**{¶ 12}** The commissioner claims that R.C. 5739.16(B) does not apply because Ohio Adm. Code 5703-9-14 and 5703-3-01 were not "in full force and effect" as that phrase is set forth in R.C. 5739.16(B). The commissioner contends that his rules were invalidated by this court in *E. Ohio Gas Co.* and *Thomas Steel Strip Corp. v. Limbach* (1991), 61 Ohio St.3d 340, 575 N.E.2d 114, and that our decision should be retroactively applied so as to make taxable Lyden's transactions that predate the announcement of those decisions. The BTA accepted the commissioner's arguments. We reverse.

**{¶ 13}** In *Youngstown Sheet & Tube Co. v. Lindley* (1988), 38 Ohio St.3d 232, 527 N.E.2d 828, this court, for the first time, reviewed R.C. 5739.16(B). In *Youngstown*, the General Assembly had, by statute, repealed an exemption that was also recognized by rule of the commissioner. The rule, however, was not rescinded by the commissioner, even though the statute it implemented had been repealed. The taxpayer admitted that the commissioner's rule authorizing the exemption was inconsistent with the governing statute in effect throughout the audit period. We nevertheless held that, pursuant to R.C. 5739.16(B), the commissioner was precluded from acting in contradiction to its own rule by assessing tax, even though the tax would otherwise have been due, stating:

"R.C. 5739.16(B) is clear: The commissioner may not issue an assessment under R.C. 5739.02 against a vendor or consumer for any period during which a rule of the commissioner did not require the payment of the tax. R.C. 5739.16(B) effectively validates a rule that, contrary to statute, exempted an item from the tax. If Youngstown may claim exemption for this equipment under the rule, it is exempted by virtue of this rule and R.C. 5739.16(B)." *Youngstown*, 38 Ohio St.3d at 234, 527 N.E.2d at 830.

**{¶ 14}** In the case at bar, the record supports the conclusion that, consistent with the rules recognized by the commissioner during the audit period, and but for our decision in *E. Ohio Gas Co.* and *Thomas Strip Steel*, the commissioner would have

deemed at least some of Lyden's purchases of fuel dispensing equipment to have been exempt purchases of personal property. The commissioner, however, claims that *Youngstown* applies only to rules which conflict with statutes, and not to rules which conflict with decisions of this court. The commissioner further argues that he must apply *E. Ohio Gas Co.* retroactively. We disagree.

{¶ 15} In answer to the first contention, we have previously acknowledged that "[a]dministrative regulations issued pursuant to statutory authority have the force and effect of law; consequently, administrative agencies are bound by their own rules until those rules are duly changed." *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1372. See, also, *Parfitt v. Columbus Correctional Facility* (1980), 62 Ohio St.2d 434, 436,16 O.O.3d 455, 456, 406 N.E.2d 528, 530. Thus, for purposes of R.C. 5739.16(B) a rule is "in full force and effect" until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable. *Kroger Grocery & Baking Co. v. Glander* (1948), 149 Ohio St. 120, 126 , 36 O.O. 471, 474, 77 N.E. 2d 921, 924.

{¶ 16} Although application of our holding in *E. Ohio Gas* may result in a different determination of tax liability in connection with fuel tank installations from those made under the commissioner's rules, we did not specifically invalidate Ohio Adm. Code 5703-3-01 or 5703-9-14 in that case. Moreover, even if the court had expressly invalidated the rules in *E. Ohio Gas* on August 14, 1991*,* that decision was issued subsequent to the audit period, which ended a full year earlier, in June 1990.

{¶ 17} We note that R.C. 5739.16(*A*) sets forth a four-year statute of limitations as to tax assessments, which prevents the commissioner from assessing taxes on stale transactions, even if a timely assessment would have been in accordance with law. We believe that R.C. 5739.16(*B*) is similar, barring assessments by the commissioner contrary to official statements of tax policy, based on a determination of the General Assembly that taxpayers should be entitled to rely on official statements

and policies issued by the commissioner at the time they conduct their business affairs, even if those statements and policies are thereafter deemed to be legally flawed.

{¶ 18} We find to be misplaced the commissioner's argument that *Youngstown* applies only where rules conflict with statute, as opposed to judicial decisions. In *Youngstown*, the court indeed found a rule of the commissioner purporting to grant a tax exemption to conflict with a statute. Nevertheless, we reject the commissioner's implicit contention that statutory enactments possess a force of law of different degree than do decisions of a court. Close examination of *Youngstown* and the case at bar does not justify the distinction argued by the commissioner.

{¶ 19} We similarly reject the commissioner's argument that the court must apply *E. Ohio Gas Co.* retroactively. Although we did not expressly provide that our holding in that case be applied prospectively only, in this case, R.C. 5739.16(B) blocks retroactive application of the decision. Where a decision of this court arguably invalidates a rule of the Tax Commissioner under which the collection or payment of sales or use tax is not required, the Tax Commissioner is precluded by R.C. 5739.16(B) from assessing taxes in contravention of its rule on transactions which occurred prior to the issuance of the court's decision. For purposes of R.C. 5739.16(B), an administrative rule adopted by the Tax Commissioner remains "in full force and effect" until the commissioner rescinds it or a court specifically declares it invalid as being contrary to statute or unreasonable. Therefore, pursuant to R.C. 5739.16(B), Lyden is entitled to a refund because "under or by virtue of [the commissioner's rules] the collection or payment of [the sales tax] was not required."

{¶ 20} We find our precedent in *Youngstown* applicable to this case. The decision of the BTA is reversed.

{¶ 21} Before the BTA, the commissioner argued that equipment installed at dealer-operated stations was used directly in making retail sales not by Lyden but by the dealer-operators. Therefore, the commissioner argued, even if this equipment were considered to have remained personal property, Lyden would still not be entitled

to the exemption.  Because the BTA found that R.C. 5739.16(B) did not apply and that all the equipment at all stations had been incorporated into real property, it did not consider this argument.  We remand to the BTA for determination of this issue.

*Decision reversed*

*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____