OPINION
On April 21, 1999, appellant, George W. Holsinger was charged with operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1) and failure to control in violation of R.C. 4511.202. Said charges were assigned Case No. 99TRC3957. On May 13, 1999, appellant was charged with carrying a concealed weapon in violation of R.C. 2923.12. Said charge was assigned Case No. 99CRB849. On June 16, 1999, appellant was charged with using weapons while intoxicated in violation of R.C.2923.15 and improper handling of firearms in motor vehicle in violation of R.C. 2923.16. Said charges were assigned Case No. 99CRB1118(A) and (B). In all cases, appellant filed a demand to dismiss for want of subject matter jurisdiction. By entries filed June 10, 1999 in Case No. 99CRB849 and June 17, 1999 in Case No. 99TRC3957, the trial court denied said motion. Appellant filed an appeal regarding these decisions on June 28, 1999. On June 30, 1999, appellant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(2). Said charge was assigned Case No. 99TRC3975(B). The charge pertained to the same facts and circumstances as the April 21, 1999 charge. By journal entry filed July 9, 1999, the trial court consolidated the cases. On December 20, 1999, this court dismissed appellant's appeal for lack of a final appealable order. See, State v. Holsinger (December 20, 1999), Fairfield App. Nos. 99CA00042 and 99CA00043, unreported. On January 18, 2000, appellant filed a motion to dismiss for failure to prosecute within statute of limitations. By journal entry filed February 10, 2000, the trial court denied said motion. A jury trial commenced on February 29, 2000. The jury found appellant guilty as charged. By journal entries filed March 1, 2000, the trial court sentenced appellant on the R.C. 4511.19(A)(1) charge to three hundred sixty-five days in jail, two hundred seventy-five suspended, and imposed a $500 fine. The trial court did not sentence appellant on the R.C.4511.19(A)(2) charge as said charge arose out of the same facts and circumstances as the R.C. 4511.19(A)(1) charge. The trial court sentenced appellant on the R.C. 2923.12 charge to one hundred eighty days in jail, one hundred fifty suspended, and ordered forfeiture of the firearm. The trial court sentenced appellant on the R.C. 2923.15 and R.C. 2923.16 charges to ninety days each, all suspended, and ordered forfeiture of the firearm. All sentences were ordered to be served consecutively. Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT LACKED JURISDICTION IN ALL CASES.
II APPELLEES COMMITTED FRAUD.
III THE STATUTE OF LIMITATIONS HAD EXPIRED.
IV THE SENTENCES WERE ILLEGAL.
 I
Appellant claims the trial court lacked subject matter jurisdiction. We disagree. A municipal court has subject matter jurisdiction over criminal cases concerning the alleged commission of any misdemeanor within its territorial limits. R.C. 1901.20(A). Appellant was charged with misdemeanors which had occurred in Greenfield Township within Fairfield County, Ohio. Said township lies within the jurisdiction of the Lancaster Municipal Court. R.C. 1901.02(B). Because appellant was charged with misdemeanor offenses within the territorial limits of the Lancaster Municipal Court, said court had subject matter jurisdiction over the criminal complaints. Assignment of Error I is denied.
 II
Appellant claims appellees committed fraud. We disagree. Specifically, appellant argues "[i]t was fraud to apply administrative rules and regulations to Appellant when there was no nexus between Appellant and the BMV or the ORC" and "[i]t was fraud for Appellees to seize Appellant's property under the presumption that there was a nexus between Appellant and said BMV or ORC." Appellant's Brief at 5. The "nexus" between appellant and the Bureau of Motor Vehicles and the Ohio Revised Code is that appellant was issued a driver's license from said bureau pursuant to said code. See, R.C. Chapter 4507. In Doyle v. Ohio Bureau of Motor Vehicles (1990), 51 Ohio St.3d 46, 47-48, the Supreme Court of Ohio discussed the application of administrative rules as follows: `The purpose of administrative rulemaking is to facilitate the administrative agency's placing into effect the policy declared by the General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end.' Carroll v. Dept. of Admin. Services (1983),10 Ohio App.3d 108, 110, 10 OBR 132, 133, 460 N.E.2d 704, 706. Moreover, `* * *[r]ules issued by administrative agencies pursuant to statutory authority have the force and effect of law.' Parfitt v. Columbus Correctional Facility (1980), 62 Ohio St.2d 434, 436, 16 O.O.3d 455, 456, 406 N.E.2d 528[434 N.E.2d 528], 530. See, also, State, ex rel. Kildow, v. Indus. Comm. (1934),128 Ohio St. 573, 580, 1 O.O. 235, 238, 192 N.E. 873,876; Hiram House v. Indus. Comm. (1987),42 Ohio App.3d 29, 32, 536 N.E.2d 36, 39.
R.C. 4501.02 is the statute which establishes the Ohio Bureau of Motor Vehicles, and provides in pertinent part: `There is hereby created in the department of highway safety a bureau of motor vehicles, which shall be administered by a registrar of motor vehicles. The registrar shall be appointed by the director of highway safety and shall serve at his pleasure. `The registrar shall administer the laws of the state relative to the registration of and certificates of title for motor vehicles * * *. He may, with the approval of the director of highway safety, adopt such forms and rules as are necessary to carry out all the laws he is required to administer. * * *' (Emphasis added.)
R.C. Chapter 4507 sets forth the driver's license law in Ohio. R.C. 4507.01(B) states in part: `In the administration of this chapter and Chapter 4506. of the Revised Code, the registrar of motor vehicles has the same authority as is conferred on the registrar by section 4501.02 of the Revised Code. * * *' (Emphasis added.)
Upon review, we find no evidence of fraud.
Assignment of Error II is denied.
 III
Appellant claims the statute of limitations had expired. We disagree. R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (B) pertains to misdemeanors and states as follows: A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days. R.C. 2945.72 governs extension of time for hearing or trial. Pursuant to subsection (E), the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Appellant was first charged on April 21, 1999. The trial was held three hundred fourteen days later on February 29, 2000. On May 3, 1999, appellant filed a demand to dismiss for lack of subject matter jurisdiction. The trial court denied said motion on May 11, 1999. The time from May 3, 1999 to May 11, 1999, eight days, is charged to appellant. On May 18, 1999, appellant filed objections to the trial court's decision. The trial court once again denied the motion on June 17, 1999. The time from May 18, 1999 to June 17, 1999, thirty days, is charged to appellant. On June 28, 1999, appellant filed a notice of appeal. Said appeal was dismissed on December 20, 1999. The time from June 28, 1999 to December 20, 1999, one hundred seventy-four days, is charged to appellant. On January 18, 2000, appellant filed a motion to dismiss for failure to prosecute within statute of limitations. The trial court denied said motion on February 10, 2000. The time from January 18, 2000 to February 10, 2000, twenty-three days, is charged to appellant. See, State v. Bickerstaff (1984), 10 Ohio St.3d 62; State v. Wilson (1982), 7 Ohio App.3d 219. Subtracting the days charged to appellant from the total time leaves a balance of seventy-nine days, well within the required ninety day limit. Assignment of Error III is denied.
 IV
Appellant claims the sentences were illegal. We disagree. Specifically, appellant argues the sentences were illegal because "an administrative tribunal has no power to incarcerate." Appellant's Brief at 6. Appellant's argument based upon "administrative" violations and laws lacks merit. See, Doyle, supra. The trial court had the authority to sentence appellant and the sentences are legal. See, R.C. 4511.99, R.C. 2923.12(D), R.C.2923.15(B), R.C. 2923.16(F) and R.C. 2929.21. Assignment of Error IV is denied. The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
 _______________________ Farmer, J.
By: Hoffman, P.J. and Edwards, J. concur.