(No. 53764 — Decided November 9, 1987.)

*Martin Deinhart,* for appellant.
*Joseph C. Domiano,* for appellees.

*Per Curiam.* This is an appeal from the trial court's granting appellees' motion for summary judgment.

Appellant, Jack West, was a police officer in the village of Bentleyville. He proposed that he would "retire" for two months in order to be eligible for retirement benefits, and then return to work on a limited basis. Appellant's claim is based on the theory that he relied on "representations" by two council members and the police chief that he would be rehired, otherwise he would not have retired in the first place.

Appellant assigns one error for review.

"The trial court erred to the prejudice of plaintiff-appellant, in grnating [*sic*] defendants-appellees' motion for summary judgment because the facts of the case create an estoppel which bars the defendants-appellees from asserting their defenses that plaintiff-

WEST, APPELLANT, *v.* VILLAGE OF BENTLEYVILLE ET AL., APPELLEES.

appellant is not entitled to relief as a matter of law and facts."

There is no factual dispute that appellant was an at-will employee, hired as a part-time, temporary patrolman. Nor is there any question that appellant relied on some indications made by two council members and the police chief that appellant would be rehired after his two-month "retirement." The issue revolves on whether it was reasonable for appellant to rely on these comments as a matter of law.

In *Byerlyte Corp.* v. *Cleveland* (App. 1940), 32 Ohio Law Abs. 609, 615, this court held that whoever relies upon the conduct of public authorities (*e.g.,* the two council members and the police chief in this case) must take notice of the limits of their power. Pursuant to R.C. 737.16, only the mayor has authority to appoint police officers subject to approval of council.[1] Appellant was aware of this provision by virtue of his being village police chief from 1964 until 1974. According to appellant, only two of six council members had made "representations" to him. However, the only official action taken is reflected in the council minutes which state: "[Councilman] Diamond reported that Officer Jack West will retire officially March 1, 1985. He will be available if Chief Pitts needs him." Therefore, since any "representations" were made without the authority to act, there can be no promissory estoppel. Where there is an entire absence of power to act originally, there can be no room for an estoppel to arise afterwards. *Louisville & Nashville RR. Co.* v. *Cincinnati* (1907), 76 Ohio St. 481, 507, 81 N.E. 983, 990; *Byerlyte, supra,* at 615.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

___
[1] In oral argument, it was admitted that council has six members.

PRYATEL, P.J., and ANN MC-MANAMON, J., concur.

PATTON, J., dissents.

PATTON, J., dissenting. I must respectfully dissent from the majority opinion because I believe there are facts in this case that create an issue of material fact, thus requiring a reversal of this action for a trial on the merits.

The majority states the issue as whether it was reasonable as a matter of law for appellant to rely on statements by the village chief of police, and two council members with regard to appellant's rehiring as a temporary police officer. It cites R.C. 737.16 concerning the appointment of village police officers. That statute (together with R.C. 737.17) requires the mayor to appoint police officers for a six-month probationary period, subject to final approval by the village council. The majority reasons that appellant was aware of this procedure and should have known that any hiring not in accordance with the statutory process would be invalid. This reasoning ignores the fact that, in the past, the village did not follow the procedure outlined in R.C. 737.16.

When the facts are construed most favorably for appellant, they show that the village had not followed the hiring procedure for years. In fact, Chief Pitts, the present village chief of police, testified that, to his knowledge, he was the only police officer in the village who had been finally appointed. Appellant conceded that he had been finally appointed when he served as village police chief. He also stated that he was not finally appointed when he later served as a temporary officer. These facts demonstrate that village practice was to finally appoint only the chief; temporary officers did not go through the appointment process.

The majority takes the position that the appellant relied upon mere

"representations" by two council members and the police chief that he would be rehired. They imply that these representations were just idle promises by a few individuals associated with the village government. The fact is the police chief and the two council members comprised the village safety committee. The safety committee was solely responsible for interviewing applicants for the police force and recommending them to the mayor. The appellant presented his retirement proposal to the safety committee at its regular meeting. The committee was certainly acting under its authority when it told appellant that his proposal was acceptable to it and would be forwarded to the entire village council. In my view, these facts standing alone could create a question of fact with regard to the reasonableness of appellant's reliance.

The record further shows that the safety committee presented appellant's proposal to the entire council immediately after meeting with him. At the conclusion of the council meeting, appellant was told that his proposal to retire and work as temporary help had been acceptable to all members. In fact, the mayor spoke to the press immediately following the council meeting and was quoted as saying that the appellant would retire, but would work a minimum amount of time for the village.

This quick sequence of events led appellant to believe that he had been guaranteed a position. Appellant took his retirement, only to find that the mayor had changed his mind and would not rehire him.

I believe the above facts clearly demonstrate that an issue of material fact exists as to whether appellant's reliance was reasonable under the circumstances. Accordingly, I would reverse the summary judgment and remand the action for a trial on the merits.