OPINION
The defendant-appellant, Leonard Harvey Burlile ("the appellant"), appeals the decision of the Seneca County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
In September of 1988, the appellant was indicted by the Seneca County Grand Jury on one count of rape, in violation of R.C.2907.02(A)(1)(b), a felony of the first degree. On or about April 17, 1989, the appellant pleaded guilty to the offense as charged in the indictment. The trial court accepted the appellant's guilty plea and sentenced him to a term of five (5) to twenty-five (25) years in prison.
While serving his term in prison, the Ohio Department of Rehabilitation and Correction recommended that the appellant be classified as a sexual predator. A sexual predator hearing was held on October 8, 1999, in the Seneca County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
The appellant now appeals, asserting seven assignments of error.
 ASSIGNMENT OF ERROR NO. I Ohio Revised Code Chapter 2950 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 1, Article I of the Ohio Constitution.
 In his first assignment of error, the appellant maintains that Ohio's sexual predator statute, R.C. Chapter 2950, violates the Equal Protection Clauses of the United States and Ohio Constitutions because it only applies to the class of offenders who committed a sexually oriented offense prior to the effective date of the statute and were still in prison when determined to be a sexual predator. For the following reasons, we do not agree.
The Fourth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 2, Article I of the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *. These two provisions are functionally equivalent, and the standards for determining violations of equal protection are essentially the same under state and federal law. State ex rel. Dayton Fraternal Order ofPolice Lodge No. 44 v. State Emp. Relations Bd. (1986), 22 Ohio St.3d 1,6. Accordingly, we will consider the propriety of the appellant's challenges as a single question.
Initially, we note that the doctrine of equal protection ensures that no person or class of persons shall be denied the same protection of the laws as is enjoyed by other persons or classes in the same locale or under the same circumstances. Statev. Earlenbaugh (1985), 18 Ohio St.3d 19, 22. Simply stated, the Equal Protection Clauses of the United States and Ohio Constitutions simply guarantee that persons who are similarly situated will be treated similarly.
A statutory classification that involves neither a fundamental right nor a suspect class and "bears a rational relationship to a legitimate governmental interest" does not violate the Equal Protection Clauses of the United States and Ohio Constitutions.Adkins v. McFaul (1996), 76 Ohio St.3d 350, 351. This form of scrutiny, known as the "rational-basis" test, is the most relaxed.Wagner v. Armbruster (1996), 108 Ohio App.3d 719,731. Under the rational-basis test, a statute will be upheld by a reviewing court unless it involves a classification that is completely irrelevant to the "achievement of the state's purpose."Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29. Thus, if a statutory classification arbitrarily treats similarly situated people in a different manner, it violates the doctrine of equal protection. Adamsky v. Buckeye Local School Dist. (1995),73 Ohio St.3d 360, 362.
The registration and notification scheme of R.C. Chapter 2950 involves neither a suspect class nor a fundamental right. Statev. Ward (1999), 130 Ohio App.3d 551; State v. Leftridge (Apr. 1, 1999), Cuyahoga App. No. 73029, unreported; State v. Thomas (Mar. 27, 1998), Greene App. No. 97-CA-86, unreported. Accordingly, the determinative issue before us is whether the registration and notification scheme of R.C. Chapter 2950 bears a rational relation to a legitimate governmental interest. In considering this issue, we also must keep in mind the principle that all legislative enactments enjoy a strong presumption of constitutionality. Stateex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus.
Pursuant to R.C. 2950.02(A)(2), the Ohio legislature has determined that "[s]exual predators and habitual sex offenders pose a high risk of engaging in future offenses even after being released from imprisonment" and protecting the public from such offenders "is a paramount governmental interest." The intent of the legislature in enacting R.C. Chapter 2950 is "to protect the safety and general welfare of the people of this state." R.C.2950.02(B).
The protection of the public from sex offenders is a legitimate governmental interest and is clearly advanced by the registration and notification requirements accompanying a determination of sexual predator status. The statute treats all offenders who are still imprisoned on January 1, 1997, the same. Furthermore, under the rational-basis test, it bears a rational relationship to a legitimate governmental interest; that is, to protect the public from sex offenders.
For the foregoing reasons, we find that the notification and registration scheme found in R.C. 2950.09(C) does not violate the Equal Protection Clauses of the United States and Ohio Constitutions.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II Ohio Revised Code Chapter 2950 violates Section 1, Article I
of the Ohio Constitution as an unreasonable exercise of police power.
In his second assignment of error, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute is an invalid exercise of the state's police power. Specifically, the appellant maintains that R.C. Chapter 2950 is unduly oppressive upon individuals and is an unreasonable and arbitrary infringement upon individual privacy rights. For the following reasons, we do not agree.
In his brief, the appellant relies upon the decision of the Fourth District Court of Appeals in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, as authority for the proposition that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Sections 1 and 16 of the Ohio Constitution. This Court, however, has repeatedly upheld the constitutionality of R.C. Chapter 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon individual privacy rights. See, State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, State v. Simms (Sept. 15, 1999), Allen App. No. 1-99-38, unreported; State v. Conley (Sept. 29, 1999), Allen App. No. 1-99-39, unreported; State v. Bradley (Oct. 13, 1999), Logan App. No. 8-99-07, unreported; State v. Kinkle (Oct. 28, 1999), Allen App. No. 1-99-55, unreported; State v. Norman
(Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported. We have not changed our position on this issue and continue to follow our previous line of decisions.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. III Ohio Revised Code Chapter 2950 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution as the law is vague and does not provide any guidance as to how the factors in Ohio Revised Code Section 2950.09(B)(2) are to be considered and weighed.
In his third assignment of error, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute violates the Due Process Clauses of the United States and Ohio Constitutions. For the following reasons, we do not agree.
In his brief, the appellant attacks the constitutionality of R.C. Chapter 2950 because the statute provides no guidance as to how the factors of R.C. 2950.09(B)(2) are to be weighed and considered by the trial court. This Court, however, has previously held that R.C. 2950.09(B) is not unconstitutionally vague. See State v. Avery (1998), 126 Ohio App.3d 36; State v.James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported; State v.Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported. Pursuant to the foregoing authority, we find no merit to the appellant's claim that R.C. Chapter 2950 is void for vagueness.
Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. IV A person upon whom a court imposes a sexual predator designation is denied due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, when the evidence presented at the sexual predator hearing is insufficient to support that designation.
In his fourth assignment of error, the appellant contends that he has been deprived of his due process rights under the state and federal constitutions because the evidence presented at his sexual classification hearing failed to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. For the following reasons, we do not agree.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(B)(3) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
In the case before us, it is undisputed that the appellant pleaded guilty to one count of rape. The offense of rape qualifies as a "sexually oriented offense" under R.C.2950.01(D)(1). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
At the sexual classification hearing, the prosecutor brought to the trial court's attention the presentence investigation report prepared by the Adult Parole Authority, the trial court's judgment entry of June 28, 1989, and a psychological evaluation prepared by the Forensic Diagnostic Center.[1] The following evidence was adduced from the post-sentence investigation report.
In December of 1987, while babysitting his seven-year old niece, the appellant lead her into his bedroom, placed her on the bed, inserted his penis into her mouth, and ejaculated. During the act, the victim asked the appellant to stop. The appellant then told the victim not to tell anyone about what had taken place.[2] During questioning by the police, the appellant admitted that he had committed the act. According to the presentence investigation report, the victim also informed the police that the appellant had performed a similar act on his wife's daughter.[3]
At the sexual classification hearing, the trial court made no mention of the factors listed in R.C. 2950.09(B)(2) in reaching its determination that the appellant was likely to engage in the future in one or more sexually oriented offenses. Nonetheless, the trial court's judgment entry of October 8, 1999, adequately sets forth numerous factors in support of a finding of sexual predator status. In reaching its conclusion, the trial court placed emphasis on the age of the victim, the nature of the sexual conduct, the offender's age, and the mental illness or disability of the offender.[4] The psychological report prepared by the Adult Parole Authority also reveals that the appellant is at risk to re-offend.[5]
In the face of the foregoing evidence, the only relevant evidence the appellant presented to the trial court to rebut the obvious inferences of the foregoing was that he was an active participant in numerous physiological rehabilitation programs and at least one sexual offender rehabilitation program.
Based upon our review of the record and the relevant factors contained in R.C. 2950.09(B)(2), we find that the trial court had adequate evidence before it from which to determine by clear and convincing evidence that the appellant is a sexual predator. The evidence adduced from the record was sufficient to produce a firm belief that the appellant is likely to commit a sexually oriented offense in the future. Consequently, we cannot find that the evidence was insufficient as a matter of law to support the trial court's determination that the appellant is a sexual predator.
Accordingly, the appellant's fourth assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. V Appellant was denied the effective assistance of counsel at [the] sexual classification hearing in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.
 In his fifth assignment of error, the appellant maintains that he was denied effective assistance of counsel to which he was entitled under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. For the following reasons, we do not agree.
The State of Ohio has adopted the standard of review set forth in Strickland v. Washington (1984), 466 U.S. 668, for determining whether a criminal defendant received ineffective assistance of counsel. See State v. Bradley (1989), 42 Ohio St.3d 136,142. The Court in Strickland established that, in order for a defendant to prevail on an allegation of ineffective assistance of counsel, he must show both that counsel's actions "fell below an objective standard of reasonableness," and that the defendant was prejudiced by the attorney's conduct. Strickland,466 U.S. at 693. The standard for determining prejudice in cases alleging ineffective assistance of counsel is whether there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley,42 Ohio St.3d at 137.
In the case before us, the appellant essentially cites three errors on the part of trial counsel as the basis for his claim of ineffective assistance. First, the appellant maintains that trial counsel should have objected to the admission of the presentence investigation report into evidence. The appellant maintains that the report is unreliable, contains hearsay, and lacks relevance. It is well-established, however, that the Ohio Rules of Evidence do not strictly apply to sexual predator hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge. See State v. Cook (1998), 83 Ohio St.3d 404,425; see, also, State v. Zabrosky (Dec. 7, 1999), Seneca App. No. 13-99-11, unreported. We find inherent in the preparation of such a report a strong indicia of reliability. Therefore, the trial court did not err in admitting this report into evidence and trial counsel was not required to object to its admission into evidence.
Second, the appellant argues that his attorney should have objected to the admission of the psychological evaluation and letter into evidence. The appellant argues that it was reversible error for the trial court to admit them into evidence because they were prepared in 1989 and do not reflect a current examination. This Court, however, has held that a psychological report prepared as part of a prior presentence investigation report is clearly admissible as evidence. See Zabronsky, supra. Therefore, the trial court did not err in admitting the report and letter into evidence and trial counsel was not required to object to their admission into evidence.
Third, the appellant argues that trial counsel should have petitioned the trial court for an independent psychological examination. In his brief, the appellant argues that the trial court should have ordered a psychological evaluation because an offender's behavioral characteristics must be considered before that offender is determined to be a sexual predator. See R.C.2950.09(B)(2)(j). According to the appellant, a psychological evaluation is crucial as it is the only way a determination can be made on whether a person is likely to commit a future sexually oriented offense.
Pursuant to R.C. 2950.09(B)(1), an offender may call and examine expert witnesses during a sexual predator hearing. In the case herein, however, the appellant failed to demonstrate that a psychological evaluation would have been advantageous to him at the hearing. Therefore, we cannot in good conscience say that trial counsel's failure to petition the trial court for an independent psychological examination prejudiced him in any way. Therefore, the appellant's claim must fail.
For all of the foregoing reasons, we find that the appellant's claim of ineffective assistance of counsel is without merit.
Accordingly, the appellant's fifth assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. VI The sexual predator registration and notification provisions of Ohio Revised Code Chapter 2950 violate the protection[s] against double jeopardy as protected by [the] Fourteenth Amendment to the United States Constitution and Section 1
Article I of the Ohio Constitution.
In his sixth assignment of error, the appellant maintains that R.C. Chapter 2950 violates the state and federal constitutional prohibitions against double jeopardy. For the following reasons, we disagree.
In Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature but, rather, serve the remedial purpose of protecting the public. Having so found, R.C. Chapter 2950 does not subject the appellant to multiple punishments for the same offense. See, e.g., State v. Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported; State v. James (Dec. 8, 1999), Hardin App. No 6-99-5, unreported.
Accordingly, the appellant's sixth assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. VII The sexual predator registration and notification provisions of Ohio Revised Code Chapter 2950 are overbroad, result in unwarranted publicity and unwarranted interference with the right to privacy as protected by the Ninth and Fourteenth Amendments to the United States Constitution and Section 1, Article I of the Ohio Constitution.
In his seventh assignment of error, the appellant maintains that the registration and notification provisions of R.C. Chapter 2950 violate his state and federal constitutional rights to privacy. For the following reasons, we do not agree.
In State v. Bradley (Oct. 13, 1999), Logan App. No. 8-99-07, unreported, this Court held that the registration and notification scheme of R.C. Chapter 2950 does not infringe upon a person's fundamental right to privacy. In Bradley, we said that a fundamental right to privacy relates only to certain rights of freedom of choice in marital, sexual, and reproductive matters. See, also, State ex. rel. The Plain Dealer Publishing Co. v. Cityof Cleveland (1996), 75 Ohio St.3d 31, 34. Therefore, the registration and notification provisions set forth in R.C. Chapter 2950 need only bear a rational relation to a legitimate governmental interest. Menefee, 49 Ohio St.3d at 29. For the reasons set forth in the appellant's first assignment of error, we find that the registration and notification scheme set forth in R.C. Chapter 2950 is constitutional in all respects.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Accordingly, the appellant's seven assignments of error are not well-taken and are overruled.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.
[1] Also admitted into evidence was a cover letter providing a summary of the psychological evaluation.
[2] The record also reveals that the victim in this case is mentally challenged.
[3] The victim stated that the incident took place in the first floor bathroom of the appellant's home.
[4] See Judgment Entry of October 8, 1999.
[5] We do note, however, that the psychological evaluation and letter were prepared in May of 1989.