JOURNAL ENTRY AND OPINION
Defendant-appellant Salena Clark (Clark) appeals from a decision of the trial court that granted plaintiffs-appellees City of Cleveland Heights (Cleveland Heights) and City of East Cleveland's (East Cleveland) motion for partial summary judgment on Clark's claims. Upon review, we conclude that there is no genuine issue as to any material fact and that East Cleveland and Cleveland Heights are entitled to judgment as a matter of law on Clark's claims. Accordingly, we affirm the trial court's decision.
A review of the record reveals the following facts: On November 9, 1998, the cities of East Cleveland and Cleveland Heights filed an action in the Court of Common Pleas to obtain a declaration of ownership and maintenance of the responsibilities of certain properties formerly known as the East Cleveland Township Cemetery, located in the City of Cleveland, Ohio (Cemetery).
The Cemetery consists of approximately ten acres of land, plus three parcels of land fronting on East 118th Street. One of the parcels is used for driveway access to the burial grounds of the Cemetery, and the other two parcels contain structures. This appeal concerns only the ownership of the two parcels with structures known as 1615 East 118th Street (1615") and 1621 East 118th Street (1621").
The first property in question, a one-story stone building located at 1621 East 118th Street was acquired in 1910 by deed to the Village of East Cleveland and Village of Cleveland Heights. The other property at issue, a two-story wood frame building located at 1615 East 118th Street was acquired in 1942 by deed to the Trustees of the East Cleveland and Cleveland Heights Cemetery.
From about 1901 to the mid-1970's, the Cemetery was operated by a Board of Trustees appointed by East Cleveland and Cleveland Heights. From the mid-1970's to the present, the Cemetery was operated and maintained by the cities of East Cleveland and Cleveland Heights. The cities of East Cleveland and Cleveland Heights maintain that title to the property is vested in the City of Cleveland; however, the City of Cleveland denies any ownership interest in the Cemetery.
In the mid 1970's, the structures located at 1615 and 1621 East 118th Street were vacant and in varying degrees of disrepair. Sometime in 1976, Clark and her mother Lena Austin (Austin) moved into 1615 East 118th Street and began paying a monthly rent of $100 to East Cleveland. Clark alleges that the maintenance director of the Cemetery and the mayor of East Cleveland told them that if they paid the monthly rent, performed repairs and maintained the properties, they would get title to both of the properties after two years.
After one or two years, Clark and Austin stopped paying rent for the 1615 property because they did not believe that they were going to receive title to the properties as promised. Specifically, Clark states that they had been hearing stories that East Cleveland officials were embezzling funds, including the monthly rent payment they had been making. Nonetheless, Clark and Austin continued to live in the house at 1615 and continued to do repair work, maintain the properties and open and close the gates of the Cemetery on a daily basis.
In 1984, Clark began renovating the 1621 property. She alleges that she spent approximately $50,000 in repairs and improvements to the property. She says that she repaired the walls, floors and had electricity and water installed. In 1987, Clark moved into the building at 1621 and has remained there until now.
When a controversy arose as to the rightful owners of the Cemetery, East Cleveland and Cleveland Heights filed a declaratory judgment action and named the City of Cleveland and Clark as defendants. Clark counterclaimed, asserting that she is the owner by virtue of adverse possession. In the alternative, she claims that she is entitled to compensation for services rendered and for repairs and improvements made to the properties.
On December 19, 1999, East Cleveland and Cleveland Heights filed a motion for partial summary judgment asserting that Clark was unable to meet all of the requirements for a claim of adverse possession and that adverse possession cannot be asserted against a municipality. The Cities also assert that Clark was unable to meet all of the elements of promissory estoppel and implied contract.
In response, Clark claims that she has met the requirements of adverse possession and that the prohibition against adverse possession claims against a municipality is not absolute. In addition, Clark claims that the Cities' quiet title action was barred by promissory estoppel and implied contract.
On January 3, 2000, the trial court filed an opinion and judgment entry granting the cities of East Cleveland and Cleveland Heights' motion for partial summary judgment. It is from this decision that Clark now appeals and raises two assignments of error.
Assignment of Error I states:
 I. THE COURT OF COMMON PLEAS ERRED IN GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING MS. CLARK'S ADVERSE POSSESSION, PROMISSORY ESTOPPEL, AND IMPLIED CONTRACT CLAIMS.
In her first assignment of error, Clark claims that the trial court erred in granting summary judgment in favor of East Cleveland and Cleveland Heights because genuine issues of material fact existed concerning her claims of adverse possession, implied contract and promissory estoppel. The Cities maintain that summary judgment was properly granted. The issue here is whether the trial court properly granted East Cleveland and Cleveland Heights' motion for summary judgment.
We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.(1996),77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in East Cleveland and Cleveland Heights' favor was appropriate.
 A. Adverse Possession
With regard to her claim of adverse possession, Clark asserts that issues of material fact exist as to whether she adversely possessed the 1615 and 1621 properties. For the following reasons, we do not agree.
Pursuant to R.C. 2305.04, property of a state and its political subdivisions are not subject to adverse possession. 1540 Columbus Corp. v. Cuyahoga Cty. (1990), 68 Ohio App.3d 713; Wyatt v. Ohio Dept. of Transp. (1993), 87 Ohio App.3d 1; Haynes v. Jones (1915), 91 Ohio St. 197; Hernik v. Director of Highways (1959), 169 Ohio St. 403; LTV Steel Co. v. Cleveland (Oct. 15, 1987), Cuyahoga App. No. 53827, unreported.
Here, the properties in question have been operated and maintained by the cities of East Cleveland and Cleveland Heights since the mid 1970's. Since the cities of East Cleveland and Cleveland Heights are political subdivisions, the doctrine of adverse possession cannot be applied against them and the 1615 and 1621 properties are not subject to any claim of adverse possession. Ibid.
R.C. 2305.05 does provide an exception to the general rule that municipalities are not subject to property loss by adverse possession. Specifically, R.C. 2305.05 states that a municipal street may be acquired by adverse possession if the adjoining property owner fences it in and it remains in open, uninterrupted use for a twenty-one year period. Clearly, this exception does not apply in the case-at-bar. Clark did not erect a fence around a section of a municipal street; rather, she is claiming title to real property by adverse possession. This, she cannot do. Ibid.
Accordingly, the trial court did not err in granting the Cities' motion for partial summary judgment on Clark's claim for adverse possession.
 B. Implied Contract
With regard to her claim for an implied contract, Clark asserts that issues of material fact exist as to whether an implied contract existed giving her title to the 1615 and 1621 properties. Clark also asserts that issues of material fact exist as to whether her investments, improvements, and maintenance to the 1615 and 1621 properties unjustly enriched the cities of East Cleveland and Cleveland Heights. For the following reasons, we do not agree.
Municipal corporations cannot be made liable on the basis of an implied contract or for claims based upon the theory of quantum meruit or unjust enrichment. Eastlake v. Davis (1952), 94 Ohio App. 71, 74; City of Wellston v. Morgan (1901), 65 Ohio St. 219; Cuyahoga Cty. Hosp. v. Cleveland (1984), 15 Ohio App.3d 70, 72. However, immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived. Turner v. Central Local School Dist. (1999), 85 Ohio St.3d 95,97; Jones v. Village of Chagrin Falls (1997), 77 Ohio St.3d 456; Polster v. Webb (June 21, 2001), Cuyahoga App. No. 77523, unreported.
Here, the cities of East Cleveland and Cleveland Heights did not set forth the affirmative defense of immunity as a basis for their motion for summary judgment. The failure to set forth judgment waives the defense even if the defense had been plead in the party's answer.[1] In re Jones, supra, at 457-458. Accordingly, the Cities waived the affirmative defense of immunity and cannot raise it now in this appeal.
That said, we still determine that Clark's claim for an implied contract fails. A cause of action on an implied oral contract is subject to a six year statute of limitations. See R.C. 2305.07. A cause of action for an implied contract accrues upon discovery of "the omission to perform as agreed." Kotyk v. Rebovich(1993), 87 Ohio App.3d 116, 121. Here, Clark states that she knew that East Cleveland was not going to carry out its part of the agreement to deliver title within two years after her mother moved into the 1615 property. Thus, Clark became aware of the alleged breach sometime in 1978, or by 1980 at the latest.[2]
Since Clark's counterclaim was filed on February 4, 1999, nineteen years after the alleged breach, Clark's implied contract claim is clearly time-barred.
Accordingly, the trial court did not err in granting the Cities' motion for partial summary judgment on Clark's claim for implied contract.
 C. Promissory Estoppel
With regard to her claim for promissory estoppel, Clark asserts that issues of material fact exist as to whether promissory estoppel bars the cities of East Cleveland and Cleveland Heights from denying her title to the 1615 and 1621 properties. For the following reasons, we do not agree.
In order to establish a claim of promissory estoppel, it must be shown that a promise has been made, that the promisee reasonably relied thereon, and that the promisee was injured as a result of that reliance. Talley v. Teamsters Local No. 377 (1976), 48 Ohio St.2d 142, 146. Where a claim of promissory estoppel is asserted against a municipality, it must be shown that the promisor's representations or statements were authorized. Pilot Oil Corp. v. Ohio Dept. of Transp. (1995),102 Ohio App.3d 278; Figler v. City of Willoughby (Nov. 10, 1994), Lake App. Nos. 93-L-167, 93-L-168, unreported; Cleveland v. Cleveland Elec. Illum. Co. (N.D.Ohio. 1976), 440 F. Supp. 193.
Here, Clark claims that, in the Spring of 1976, the Mayor and Cemetery Director of the City of East Cleveland allowed Clark and her family to move into and renovate the house at 1615, with an agreement to give Clark title to both 1615 and 1621 after two years, in exchange for their agreement to open the gates, answer visitors' questions and generally maintain the premises. Clark maintains that she relied on this promise and invested her time, energy and resources into the renovation of both properties.
A person who relies upon the conduct of public authorities (e.g., the Mayor and the Cemetery Director in this case) must take notice of the limits of their power. West v. Bentleyville (1987), 42 Ohio App.3d 95. Pursuant to R.C. 721.01 and 721.03, a contract for the sale of land belonging to a municipality must be authorized by an ordinance, subject to the approval of council. Clark has not produced any evidence that the East Cleveland Council authorized this alleged agreement. Thus, any "representations" made to Clark by the Mayor and Cemetery Director were made without the authority to act. Where there is an entire absence of power to act originally, there can be no room for an estoppel to arise afterwards. Id.[3]
Accordingly, the trial court did not err in granting the Cities' motion for partial summary judgment on Clark's claim for promissory estoppel.
Assignment of Error II states:
 II. THE COURT OF COMMON PLEAS ERRED BY DENYING MS. CLARK'S MOTION TO AMEND HER ANSWER AND COUNTERCLAIM TO JOIN THE TRUSTEES OF EAST CLEVELAND AND CLEVELAND HEIGHTS CEMETERY AS A NEW PARTY PLAINTIFF AND FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM.
In her second assignment of error, Clark claims that the trial court erred by not allowing her to amend her answer and counterclaim to join the trustees of East Cleveland and Cleveland Heights. Specifically, Clark claims that the trustees are the true parties in interest and that the cities of East Cleveland and Cleveland Heights do not have standing to bring a suit to quiet title against her. For the following reasons, we do not agree.
Pursuant to R.C. 5303.01, any political subdivision that appears to have an interest in real property may be made a party to an action to quiet title. Here, the underlying action seeks to make a determination of which political subdivision actually owns the Cemetery and the structures located thereon. Since the cities of East Cleveland, Cleveland Heights, and Cleveland may each have an interest in the property, they all have standing in this case.
Next, Civ.R. 15(A) provides that a party may amend its pleading after a responsive pleading has been filed only by leave of court. A motion to amend must be filed in a timely manner. DiPaolo v. DeVictor (1988),51 Ohio App.3d 166, 170. The denial of leave to amend a pleading is discretionary with the trial court. DiPaolo v. DeVictor (1988),51 Ohio App.3d 166, 170.
Here, Clark filed her answer and counterclaim on February 4, 1999 and her motion to amend on July 20, 2000, seventeen months after her original pleading. Thus, we find that the trial court did not abuse its discretion in denying Clark's motion to amend because it was not timely filed. Accordingly, the second assignment of error is hereby overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Here, the cities of East Cleveland and Cleveland Heights set forth the affirmative defense of immunity in their answer (See par. 9), but failed to raise it as a basis for their motion for summary judgment. A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond. Mitseff v. Wheeler (1988),38 Ohio St.3d 112. Because the Cities failed to raise immunity in their summary judgment motion, Clark did not have an opportunity to respond effectively to this claim.
[2] Although there were some discrepancies regarding the dates, it is clear that Clark had knowledge of the alleged breach by the early 1980's.
[3] Moreover, we also find that Clark's promissory estoppel claim is barred by the statute of limitations. A cause of action on a claim for promissory estoppel is also subject to the six year statute of limitations found in R.C. 2305.07. See Cully v. St. Augstine Manor (Apr. 20, 1995), Cuyahoga App. No. 67601, unreported. Assuming that Clark was promised the title to the properties at 1615 and 1621 after two years, she became aware that the promise had been broken sometime in 1978, or by 1980 at the latest. Since Clark's counterclaim was filed on February 4, 1999, nineteen years after the alleged breach, Clark's promissory estoppel claim is clearly time-barred.